IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE ALLSTON-WILSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-4056 |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA NEWSPAPERS, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                         April 20, 2006

        Presently before the Court are Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 8) and Plaintiff's Reply (Docket No. 11). As explained below, Defendant's Motion is granted.

## I. BACKGROUND

        Plaintiff initiated this lawsuit in July 2005, alleging employment discrimination against Defendant. According to Plaintiff's Complaint, the actions giving rise to the Complaint began in February 2004 and ended in August 2004.

        On February 21, 2005, Plaintiff filed a voluntary petition under Chapter 7 in the Bankruptcy Court for the Eastern District of Pennsylvania. (Pl.'s Br. 1.) As part of her Chapter 7 filing, Plaintiff filed a Schedule B – Personal Property. Id. at 1-2. On the Schedule B, Plaintiff failed to list her employment discrimination claim against Defendant. Id. at 2. On June 2, 2005, the Bankruptcy Court granted Plaintiff's discharge and closed Plaintiff's bankruptcy case. Id. Plaintiff's Complaint was filed less than two months later.

**II.  DISCUSSION**

Defendant moves to dismiss this case for lack of subject matter jurisdiction. Defendant claims that Plaintiff does not have standing to pursue this action because Plaintiff's cause of action belongs to the bankruptcy estate.

The bankruptcy estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  "'Courts have uniformly held that the broad scope of § 541 encompasses causes of action existing at the time'" the bankruptcy case starts.  Anderson v. Acme Mkts, Inc., 287 B.R. 624, 628 (E.D. Pa. 2002) (quoting Cain v. Hyatt, 101 B.R. 440, 441-42 (E.D. Pa.1989)).  After a debtor files a Chapter 7 petition, a trustee is appointed to administer the property of the estate.  Id.  In that role, "the [t]rustee has the exclusive right to prosecute causes of action that are property of the bankruptcy estate."  Id.  Pursuant to 11 U.S.C. § 554(d), a cause of action, which a debtor fails to schedule, remains property of the estate because it was not abandoned and not administered.  Id. at 629.

Plaintiff acknowledges that she lacks standing.  She writes, "[D]efendant seeks to have this Court dismiss this case on the grounds that [Plaintiff] has no standing to prosecute it . . . . [D]efendant technically is correct concerning Plaintiff's ability to prosecute the case . . . ." (Pl.'s Br. 4.)  Plaintiff also writes the following: "in this case . . . the trustee is the real party in interest and [D]efendant's position that [Plaintiff] has no standing to prosecute those claims is correct."  Id.

In the instant action, it is undisputed that Plaintiff's cause of action arose before the filing of her Chapter 7 petition.  It also is undisputed that Debtor failed to list her employment discrimination claim on her Schedule B.  Therefore, because the claim was not administered or

2

abandoned, it remains part of the bankruptcy estate.  Only the trustee has the right to pursue the claim.

### III.  CONCLUSION

Because it is undisputed that Plaintiff lacks standing to bring this cause of action, Defendant's Motion is granted.  An order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE ALLSTON-WILSON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-4056 |
| v. | : | |
| PHILADELPHIA NEWSPAPERS, INC., | : | |
| Defendant. | : | |

## **ORDER**

**AND NOW**, this 20th day of April, 2006, upon consideration of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 8) and Plaintiff's Reply (Docket No. 11), it is hereby **ORDERED** that Defendant's Motion is **GRANTED**.

This case is **CLOSED**.

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.